NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
|  | : |  |
|  | : |  |
|  | : | **Civil Action No. 02-3082 (SRC)** |
| In re | : |  |
|  | : |  |
| G-I HOLDINGS INC., et al., | : | **OPINION** |
|  | : |  |
| Debtors. | : |  |
|  | : |  |
|  | : |  |

**CHESLER**, District Judge

      This matter comes before the Court upon the Motion for Reconsideration filed by Debtors G-I Holdings Inc. and ACI Inc. (collectively, "Debtors") (docket item # 222). This Court has considered the submissions by the parties in connection with this motion, and pursuant to Federal Rule of Civil Procedure 78, adjudicates the motion based on the papers submitted. For the reasons discussed below, this Court denies Debtors' motion for reconsideration.

## I.    BACKGROUND

      This motion for reconsideration concerns a matter initially brought before the Court on a motion by the United States for partial summary judgment on the adequate disclosure issue under § 6501(e)(1)(A)(ii) of the Internal Revenue Code. The issue before the Court was whether Debtors had adequately disclosed a February 1990 transfer of property (the "1990 Transaction") in Debtors' 1990 tax return (the "1990 GAF Return"). The Court found that there was no

genuine issue of material fact that Debtors' disclosures were inadequate and accordingly granted

the United States's motion for partial summary judgment by Order entered on September 11,

2006.  Debtors timely filed this motion for reconsideration of that order on September 22, 2006.


II.    DISCUSSION

Local Civil Rule 7.1(I) creates a procedure by which a court may reconsider its decision

upon a showing that dispositive factual matters or controlling decisions of law were overlooked

by the court in reaching its prior decision.  See Bryan v. Shah, 351 F.Supp.2d 295, 297 (D.N.J.

2005); Bowers v. Nat'l Collegiate Athletic Assoc., 130 F.Supp.2d 610, 612 (D.N.J. 2001).  Rule

7.1(I) does not contemplate a recapitulation of arguments considered by the court before

rendering its decision.  See Bermingham v. Sony Corp. of Am., Inc., 820 F.Supp. 834, 856

(D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994); Carteret Sav. Bank, F.A. v. Shushan, 721

F.Supp. 705, 709 (D.N.J. 1989).  Our jurisprudence directs that a motion under Rule 7.1(I) may

be granted only if: (1) "an intervening change in the controlling law has occurred; (2) evidence

not previously available has become available; or (3) it is necessary to correct a clear error of law

or prevent manifest injustice."  Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp., 825

F.Supp. 1216, 1220 (D.N.J. 1993); North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d

1194, 1218 (3d Cir 1995).

Because reconsideration is "an extraordinary remedy," it is "to be granted "very

sparingly."  See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J.

1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986).  Indeed, "mere disagreement

with a court's decision normally should be raised through the appellate process and is

inappropriate on a motion for reargument." Yurecko v. Port Auth. Trans. Hudson Corp., 279 F. Supp. 2d 606, 609 (D.N.J. 2003) (quotation and citation omitted).

Debtors base their motion on the argument that the Court overlooked or failed to consider evidence that demonstrates the existence of a genuine factual dispute with regard to the adequacy of their disclosure of the 1990 Transaction on the 1990 GAF Return.  The evidence that, according to Debtors, would alter the Court's disposition of the underlying motion is as follows: the opinions of Debtors' two experts, the 1990 Form 10-K filed by Debtors with the SEC, an internal IRS memorandum and statements made by Mario Tripaldi, the IRS Team Coordinator for the initial examination of the 1990 GAF Return.  None of these items constitute dispositive facts overlooked by the Court in deciding the underlying motion or newly discovered evidence, and none - either alone or considered together - warrant reconsideration of the order granting the United States's motion for partial summary judgment.  Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985) ("Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration"); Tecchio v. United States ex rel. Meola, 2003 WL 22952835 at *1 (D.N.J. Oct. 24, 2003) (noting that the district court "has reconsidered its rulings only where convinced that germane information was initially overlooked").

The underlying motion required the Court to interpret and apply the standard for adequate disclosure as set forth in 26 U.S.C. § 6501(e)(1)(A)(ii).  That provision states:

> In determining the amount omitted from gross income, there shall not be taken into account any amount which is omitted from gross income stated in the return if such amount is *disclosed in the return, or in a statement attached to the return*, in a manner adequate to apprise the Secretary of the nature and amount of such item.

3

26 U.S.C. § 6501(e)(1)(A)(ii) (emphasis added). The issue before the Court was limited to whether the 1990 Transaction was adequately disclosed in the 1990 GAF Return or in a statement attached to the return.  The other evidence raised by Debtors in the instant motion is extraneous to the return.  Implicit in the Court's Opinion on the motion for partial summary judgment is the Court's conclusion that the expert opinions, Form 10-K and Tripaldi statements - all of which were presented to the Court by Debtors in opposition to the underlying motion - have no bearing on whether the face of the return disclosed the omitted income from the 1990 Transaction in substance.  The same conclusion of irrelevance applies to the internal IRS memorandum, which was not presented to the Court on the underlying motion and, as the record of this case shows, is not "newly discovered evidence."

None of these items, in the Court's estimation, demonstrated the existence of a genuine issue of material fact with regard to the adequacy of the disclosure on the 1990 GAF Return.  The arguments presented by Debtors on their motion do not alter the Court's analysis.  The Court notes, in particular, the Debtors argue that the testimony that their experts David Blattner and John Monaco would offer at trial would demonstrate that the income from the 1990 Transaction was disclosed in substance and that, therefore, their proffered testimony at the very least creates a disputed factual issue regarding adequate disclosure.  The adequate disclosure standard, however, is a *legal* standard, and its meaning does not depend on how the Debtors' proffered experts

4

believe that a revenue agent would have understood the 1990 GAF Return.  In other words, the

expert opinions are not germane to the Court's interpretation of the adequate disclosure standard

of 26 U.S.C. § 6501(e)(1)(A)(ii).

  Nor do the Blattner and Monaco opinions demonstrate that, according to the standard,

there is an issue of fact as to whether the 1990 Transaction was disclosed in substance.  At best,

the expert reports speak to what a sophisticated IRS agent may have discovered about the 1990

Transaction had he or she decided, based on various unconnected entries in the 1990 GAF

Return, to embark on a full-scale and exhaustive investigation.  There is no question that the

various "large, unusual or questionable" entries themselves are completely unrevealing and do

not even remotely disclose the nature of and the amount gained in the 1990 Transaction in

substance.  In other words, no reasonable juror could find, based on these reports, that a

reasonable IRS agent would have discerned from the face of the return (or a statement attached to

the return) that Debtors omitted from their report of gross income the amount obtained in

connection with the 1990 Transaction.  In short, the adequate disclosure standard is not met by a

retrospective demonstration that the transaction was not so well concealed that a competent IRS

agent could not have unraveled the scheme given diligent efforts.  Such a standard would turn the

statute on its head and turn the inquiry from the adequacy of Debtors' disclosure to the

effectiveness of its efforts at concealment.

  Debtors contention that the Court overlooked evidence, such as the affidavits of their

experts, because it failed to discuss the evidence in its Opinion on the motion for partial

reconsideration, is unavailing.  The arguments raised now by Debtors were presented to the Court

in the briefs and oral argument on the motion for partial summary judgment.  The Court

considered them in disposing of the motion and found that Debtors had failed to demonstrate the existence of an issue of material fact.  It is well established that "a party seeking reconsideration must show more than disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." G-69 v. Degnan, 748 F.Supp. 274, 275 (D.N.J.1990).  Debtors' disagreement with the Court's conclusions is not a proper basis for relief under Local Civil Rule 7.1(I). See Florham Park Chevron, Inc. v. Chevron U.S.A., Inc. , 680 F. Supp. 159, 162 (D.N.J. 1988) (holding mere disagreement with a decision "should be dealt with in the normal appellate process, not on a motion for reargument").

In short, Debtors' motion must be denied because they have failed to satisfy the standard governing motions for reconsideration.  Debtors do not allege any change in controlling legal authority, nor do they argue that any previously unavailable evidence has come to light.  As discussed above, the instant motion fails to raise any issue that was overlooked by the Court. Instead, the argument advanced in support of the motion relies on what Debtors perceive as errors in this Court's legal analysis in adjudicating the underlying motion.  The standard of review for a motion for reconsideration is high, and relief is granted very sparingly. See NL Indus., Inc., 935 F. Supp. at 516.  Debtors have not satisfied the Court that they are entitled to such extraordinary relief.

Accordingly, the instant motion will be denied.

**III.**   **CONCLUSION**

For the foregoing reasons, the Court denies Debtors' motion for reconsideration.

An appropriate form of Order will be filed together with this Opinion.

_____s/ Stanley R. Chesler_____
STANLEY R. CHESLER
United States District Judge

DATED: December 4, 2006