<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES,<br><br>            Plaintiff,<br><br>   v.<br><br>G-I HOLDINGS, INC.,<br><br>            Defendant. | CIVIL NO. 02-3082 (SRC) |
| In re: G-I HOLDINGS, INC., et al.,<br><br>            Debtors. | Bankr. Case Nos.<br>01-30135 (RG)<br>01-38790 (RG)<br>(Jointly Administered)<br><br>**OPINION AND ORDER** |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the motions in limine of Plaintiff United States for Determination as to Admissibility of Exhibits 144, 294, and 297 [docket # 144] and to Exclude the Alleged Tripaldi Statements [docket #148]. The Defendant, G-I Holdings, Inc., submitted oppositions to each motion [docket #s 171, 170] and the Plaintiff submitted reply briefs [docket #s 187, 183]. The Court has considered the written submissions of the parties in support of and in opposition to these motions; and held oral argument on these motions on August 31, 2006. For the reasons set forth below, the Court **DENIES** both of Plaintiff's motions in limine.

On September 19, 2005, the United States filed a Motion in Limine for Determination as to the Admissibility of Exhibits 144, 294, and 297.  The United States argued that these exhibits supply key evidence regarding the intentions of GAF, Rhone-Blanc, and Citibank, the primary parties to the disputed 1990 transaction.  The Court believes that the a determination as to the relevance and admissibility of these exhibits is best deferred until trial.  As such, the motion is denied.

On September 26, 2005, the United States filed the Motion in Limine to Exclude the Alleged Tripaldi Statements.  The United States argued that the statements were inadmissable for three reasons: (1) the statements are irrelevant as a matter of law to the adequate disclosure issue; (2) the statements were not identified in G-I's initial disclosures; and (3) the statements constitute hearsay.  G-I argued, in opposition, that the statements are relevant to the "adequate disclosure" issue; that the lack of disclosure was harmless; and that the statements are admissible under Federal Rule of Evidence 807.  As identified by the parties' submissions, the statements only possible relevance is to the "adequate disclosure" issue.  However, on September 8, 2006, this Court granted partial summary judgment to the United States on the issue of whether the 1990 GAF tax return "adequately disclosed" the facts of the 1990 transaction.  Therefore, because the "adequate disclosure" issue is no longer at issue in the litigation, and the Tripaldi statements only related to this issue, the United States' motion in limine is moot.  Therefore, the motion is denied.

For the reasons stated above, it is on this 19th day of December, 2006,

**ORDERED** that the United States' for Determination as to Admissibility of Exhibits 144, 294, and 297 [docket # 144] and Motion in Limine and To Exclude the

Alleged Tripaldi Statements [docket #148] are **DENIED**.

        /s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.