NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>G-I HOLDINGS INC., et al.,<br><br>Debtors. | Civil No. 02-3082 (SRC) |
| UNITED STATES,<br><br>Plaintiff<br><br>v.<br><br>G-I HOLDINGS INC., et al.,<br><br>Defendants. | Bankr. Case Nos.<br>01-30135 (RG)<br>01-38790 (RG)<br>(Jointly Administered)<br><br><br>**OPINION** |

**CHESLER**, **District Judge**

This matter comes before the Court on the motion of the Plaintiff, United States of America ("Government"), for Partial Summary Judgment Regarding the Rhone-Poulenc S.A. Guaranty of Credit Suisse Loan [docket #141]. Defendants and Debtors, G-I Holdings Inc. and ACI Inc.[1] (collectively, "Debtors"), submitted an opposition to this motion [docket #163], and the Government submitted a reply [docket #180]. In addition, the parties have submitted letters to the Court containing additional arguments relating to this motion [docket #211, 212, 217,

---

[1] Debtors G-I Holdings Inc. and ACI Inc. are the successors in interest to GAF Chemicals Corporation and Alkaril Chemicals, respectively, both of which were subsidiaries of GAF Corporation, the entity whose return is at issue in this case.

218].  For the following reasons, the Court **DENIES** the Government's motion for partial summary judgment.

**I.    BACKGROUND**

This adversary proceeding, stemming from the massive bankruptcy of G-I Holdings, Inc., arises out of a dispute regarding the proper characterization for tax purposes of a February 1990 transfer of property (the "1990 Transaction") from GAF Chemicals Corporation and Alkaril Chemicals, Inc. (collectively referred to as "GAF") to Rhone-Poulenc Surfactants & Specialties, L.P. ("RPSSLP") and a February 1999 distribution of property (the "1999 Transaction") that Debtors received from RPSSLP.  The present motion concerns only the 1990 Transaction.[2]  In relation to the 1990 transaction, the Government is seeking to recover unpaid tax liabilities from the Debtors, arguing that GAF's transfer of property in the 1990 transaction was actually a taxable disguised sale of property under § 707(a) of the Internal Revenue Code ("the Code"). Debtors, however, contend that RPSSLP was a partnership for federal income tax purposes and that GAF's transfer of property to RPSSLP in 1990 was a non-taxable contribution to the capital of the partnership under § 721 (a) of the Code.

For the purposes of the present motion, only a brief description of the 1990 transaction is necessary.[3]  On February 12, 1990, GAF transferred the assets of its surfactants chemicals

---

[2] The taxability of the 1999 Transaction is the subject of a separate motion for summary judgment, concerning whether GAF recognized a gain, for federal income tax purposes, from the 1999 Transaction.

[3] The details of the 1990 transaction are described more fully in this Court's September 8, 2006 Opinion granting the Government's motion for partial summary judgment on the adequate disclosure issue and denying the Debtors' motion for partial summary judgment and for a bifurcated trial.  *See In re: G-I Holdings Inc.*, No. 02-3082 [docket # 220], 2006 U.S. Dist. LEXIS 68263 at *3-6 (D.N.J. September 8, 2006).

business, valued at $480 million, to RPSSLP, purportedly as part of a new limited partnership between GAF and Rhone-Poulenc Speciality Chemicals Inc. ("RPSCI"). In return, Debtors, through two trusts (the "GAF Trusts"), received a Class A limited partnership interest, representing a 49% interest in RPSSLP and an initial capital account valued at $480 million. The GAF Trusts, along with a Citibank subsidiary, assigned their Class A interests in RPSSLP to CHC Capital Trust. CHC Capital Trust pledged its Class A partnership interest as collateral for a Credit Suisse loan of approximately $460 million, the proceeds of which were required by the CHC Trust Agreement to be distributed to the GAF Trusts and the Citibank subsidiary. The GAF Trusts received $450 million of the Credit Suisse loan proceeds, and distributed this, in cash, to Debtors on February 12, 1990.

The Credit Suisse loan was a nonrecourse loan secured only by the CHC Capital Trust's partnership interest in RPSSLP. The loan called for monthly interest payments. Pursuant to the agreement between GAF and RPSSLP, Debtors and CHC Capital Trust were entitled to a Class A Priority Return Distribution that would first be used to pay any interest due on the Credit Suisse Loan, with any surplus proceeds then distributed to Debtors. Under the RPSSLP partnership agreement, RPSCI was required to cause RPSSLP to pay the Class A Priority Return each month, regardless of RPSSLP's profit or loss. By written agreement, Rhone-Poulenc S.A. ("RPSA"), the French parent company of RPSCI, guaranteed the financial obligations of RPSCI and RPSSLP under the partnership agreement.

II.   DISCUSSION

As noted above, the issue in this adversary proceeding is whether the 1990 transaction constituted a disguised taxable sale of property under § 707(a) of the Code. The Government

asserts that a key issue is "whether GAF was obligated to pay interest and principal on the Credit Suisse Loan, or shifted that obligation to an unrelated party." Gov't's Mem. at 1. Further, they argue, the answer to this question "hinges on whether another party to the 1990 transaction guaranteed the Credit Suisse Loan." *Id.* Therefore, on September 8, 2005, the Government filed the present motion for partial summary judgment, asking this Court to determine, as a matter of law, that RPSA guaranteed the Credit Suisse Loan.

### A.     Summary Judgment Standard

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Orson, Inc. v. Miramax Film Corp.*, 79 F.3d 1358, 1366 (3d Cir. 1996). In deciding whether there is a disputed issue of material fact, the Court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Penn. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita*, 475 U.S. at 586; *see also Anderson*, 477 U.S. at 247-48. The non-moving party must "go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and

admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *Big Apple BMW, Inc. v. BMW of N. Am., Inc.*, 974 F.2d 1358, 1363 (3d Cir. 1992) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each piece of evidence proffered by the movant," but rather "must exceed the 'mere scintilla' threshold").

Under Rule 56, a motion for summary judgment need not be dispositive of the entire controversy, but instead can be brought on only some of the claims. *See, e.g.*, Fed. R. Civ. P. 56(a), (d). The ability of a court to enter partial summary judgment "serves the purpose of speeding up litigation by eliminating before trial matters wherein there is no genuine issue of fact." Fed. R. Civ. P. 56, Advisory Committee Notes.

**B.     Analysis**

As noted above, the purpose of a partial summary judgment motion is to "speed[] up litigation by eliminating before trail matters wherein there is no genuine issue of fact." Fed. R. of Civ. P. 56, Note to subdivision (d); *Calpetco 1981 v. Marshall Exploration*, 989 F.2d 1408, 1415 (5th Cir. 1993) (when partial summary judgment is appropriately granted "the length and complexity of trial on the remaining issues are lessened, all to the advantage of the litigants, the courts, those waiting in line for trial, and the American public in general."). Where, however, the adjudication of such a motion would not serve this purpose, the Court may exercise its inherent discretion and deny such a motion. *See, e.g.*, *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 880 n. 6 (1998) (recognizing court's inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants); 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure §

2737 ("[I]f the court determines that entering a partial summary judgment by identifying the facts that may no longer be disputed would not materially expedite the adjudicative process, it may decline to do so."). Therefore, even where there are no disputed issues of material fact, it is not mandatory that a court grant summary judgment on such issues. *See Powell v. Radkins*, 506 F.2d 763, 765 (5th Cir.). Instead, "a court, in its discretion in shaping the case for trail, may deny summary judgment as to portions of the case that are ripe therefor, for the purpose of achieving a more orderly or expeditious handling of the entire litigation." *Id.*; *see also* Fed. R. Civ. P. 56(d) (covering the situation in which the case cannot be fully adjudicated on the motion and qualified by the language "if practicable").

Here, the Plaintiff argues that the Government's summary judgment motion is inappropriate and should be denied because the Court's issue of whether or not RSPA guaranteed the Credit Suisse Loan will not narrow the scope of the evidence and testimony to be presented at trial. Debtors' Opp. Mem. at 25. Indeed, the Government itself acknowledges that its motion "is not the end of the inquiry concerning the Credit Suisse Loan, let alone the economic substance of the 1990 Transaction." Gov't's Mem. at 4. The Government states that:

> Establishing the existence of RSPA's loan guaranty is but a first step toward determining whether the Credit Suisse Loan was actually, in substance, an indebtedness of Rhone-Poulenc and/or RPSSLP, rather than GAF, for federal income tax purposes, and whether GAF made a disguised sale of property under 26 U.S.C. § 707(a)(2)(B).

Pla.'s Br. at 4, n. 1. In its reply, the Government argues that partial summary judgment is appropriate here because "[d]eciding the RSPA Guaranty Issue as a matter of law will conserve

the Court's time and resources by properly employing partial 'summary judgment as a procedure for screening out sham issues of fact.'" Gov't's Rep. Mem. at 15 (quoting *Martin v. Merrell Dow Pharms.*, 851 F.2d 703, 705 (3d Cir. 1988)).

      The Court agrees with the Debtors that resolution of the present issue by way of a partial summary motion is inappropriate. While the Government may be correct in urging that this motion presents a discrete issues that is properly decided apart from either a trial on the merits or a case dispositive summary judgment motion, the Court believes that the more efficient and better course is to consider the issue of whether RPSA guaranteed the Credit Suisse loan either in conjunction with a case dispositive motion or at a trial of the adversary proceeding. *See U.S. Fire Ins. Co. v. Mikes*, No. 8:04-cv-2783-T-23TBM, 2007 U.S. Dist. LEXIS 17530, at *3-4 (M.D. Fla. March 13, 2007) (denying motion for partial summary judgment because it would be more efficient to decide the issue presented in conjunction with the ultimate resolution of the case). At either of these times, the Court will be better informed of all the facts relating to the 1990 transaction, and better able to make a determination of the actual financial nature of that transaction. Given that the present motion asks not for a ruling disposing of any claim or cause of action, but instead for an adjudication of an issue that is only a small subset of the ultimate question to be decided in this adversary proceeding, it simply doesn't appear that resolution of the present motion would materially advance the litigation in any way. *N.J. Auto, Ins. Plan v. Sciarra*, 103 F. Supp. 2d 388, 396-397 (D.N.J. 1998) (denying, under Rule 56(a) and 56(d), partial summary judgment motion where no cause of action would be resolved because "nothing in this rule can be read to allow partial summary judgment on only one portion of a claim); *see also City of Wichita v. U.S. Gypsum Co.*, 828 F. Supp. 851, 869 (D. Kan. 1993) ("Partial

summary judgment may not be invoked to dispose of only a part of a claim."). Therefore, the Court will exercise its inherent discretion and deny the motion without prejudice. *See Or. Natural Desert Ass'n v. Shuford*, No. 06-242-AA, 2006 U.S. Dist. LEXIS 64452, at *26-27 (D. Or. Sept. 8, 2006) (court's inherent power to control the disposition of the causes on its docket includes postponing ruling on a partial summary judgment motion until all claims can be considered together).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES WITHOUT PREJUDICE** the Government's motion for partial summary judgment on the issue of whether RPSA guaranteed the Credit Suisse Loan [docket #141].

 /s/ Stanley R. Chesler
Stanley R. Chesler, U.S.D.J.

Dated: May 14, 2007