PAUL J. FISHMAN
United States Attorney

CHARLES M. FLESCH (CMF 0150)
JOSEPH. E. HUNSADER (JEH 1726)
JOHN J. LoCURTO (JJL 9225)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Tele:  (202) 307-2793
Fax:   (202) 514-6866
Email:  john.j.locurto@usdoj.gov

*Counsel for the United States of America*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In re: <br><br> G-I HOLDINGS INC., et al., <br><br> Debtors. | ) Civil No. 2:02cv03082 (SC); <br> ) Chap. 11 Nos. 01-30135 (RG) and <br> ) 01-38790 (RG) (Jointly Administered) <br> ) <br> ) Hon. Stanley R. Chesler <br> ) <br> ) Return date:  January 19, 2009 |

**BRIEF IN SUPPORT OF THE UNITED STATES' MOTION TO VACATE OR CLARIFY THE COURT'S ORDER OF JUDGMENT DATED DECEMBER 14, 2009**

Respectfully submitted,

CHARLES M. FLESCH (CMF 0150)
JOSEPH. E. HUNSADER (JEH 1726)
JOHN J. LoCURTO (JJL 9225)
Trial Attorneys, Tax Division
U.S. Department of Justice

4466266.11

## TABLE OF CONTENTS

|  | **Page** |
|---|---|
| Table of Authorities............................................................................................. | iii |
| Statement.............................................................................................................. | 1 |
| Discussion............................................................................................................ | 2 |
| Conclusion........................................................................................................... | 4 |

## TABLE OF AUTHORITIES

**Cases**     **Page**

Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978)......................................................... 1, 2

Belair v. Lombardi, 151 F.R.D. 698 (M.D. Fla. 1993)............................................. 2

Brown v. Hovatter, 525 F. Supp. 2d 754 (D. Md. 2007), j'ment aff'd in part, rev'd in part, 561 F.3d 357 (4th Cir. 2009)............................................................... 2

In re Cendant Corp. Securities Litig., 454 F.3d 235 (3d Cir. 2006)..................... 1

Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858 (3d Cir. 1970)................ 1, 2

**Federal Rules**

Fed. R. App. P. 4.................................................................................................. 1

Fed. R. Civ. P. 52................................................................................................. 1, 2, 4

Fed. R. Civ. P. 54................................................................................................. 2, 3, 4

Fed. R. Civ. P. 58................................................................................................. 1, 2, 3

Fed. R. Civ. P. 59................................................................................................. 1, 2, 4

## STATEMENT

On December 14, 2009, the Court entered an order of judgment under Fed. R. Civ. P. 58 sustaining GAF's objection to the United States' proof of claim for federal income taxes related to the 1990 Transaction. (Doc. # 416.) The entry of a "separate" judgment under rule 58 arguably triggered the time for filing an appeal: "The sole purpose of the separate-document requirement, which was added to Rule 58 in 1963, was to clarify when the time for appeal under 28 U.S.C. § 2107 begins to run." Bankers Trust Co. v. Mallis, 435 U.S. 381, 384 (1978); In re Cendant Corp. Securities Litig., 454 F.3d 235, 243 (3d Cir. 2006). Through this motion, the United States seeks to clarify the procedural posture of this litigation to ensure the time for appeal is not running.[1]

Specifically, the United States moves under Fed. R. Civ. P. 59(e) to vacate the December 14th judgment and to recharacterize the Court's decision as an interlocutory order adjudicating GAF's objection. Alternatively, pursuant to Fed. R. Civ. P. 52(b), the United States asks the Court clarify that the December 14th judgment is not final and that additional findings of fact and conclusions of law must be made before final judgment may be entered. The United States' motion to vacate and amend under rule 59(e) or, in the alternative, for additional findings under rule 52(b), tolls the period for appeal. Fed. R. App. P. 4(a)(4)(ii), (iv); Sonnenblick-Goldman Corp. v. Nowalk, 420 F.2d 858, 859 (3d Cir. 1970).

---

[1] To be clear, the United States does not challenge the substance of the Court's December 14th opinion, and granting the United States' motion would not in any way impact the merits of that decision.

Prior to filing this motion, the United States contacted GAF's counsel to discuss the status of this litigation. Generally speaking, the parties agreed that some form of clarification and further instruction is warranted. Accordingly, the United States submits that this matter is likely to be resolved without protracted motion practice through a conference call with the Court during the first week of January, 2010.

## DISCUSSION

### THE COURT SHOULD VACATE THE DECEMBER 14TH JUDGMENT AND SHOULD RECHARACTERIZE ITS ORDER AS INTERLOCUTORY PURSUANT TO FED. R. CIV. P. 59(e) OR, ALTERNATIVELY, SHOULD CLARIFY THAT THE JUDGMENT WAS NEITHER FINAL NOR APPEALABLE AND THAT ADDITIONAL FINDINGS OF FACT AND CONCLUSIONS OF LAW ARE NECESSARY UNDER FED. R. CIV. P. 52(b)

Fed. R. Civ. P. 59(e) permits a party to move to alter or amend a judgment. A motion to vacate a judgment is regarded as a motion to alter or amend within the scope of rule 59(e). See Sonnenblick, 420 F.2d at 859. A court may grant relief under rule 59(e) for several reasons, including to clarify a judgment. See Brown v. Hovatter, 525 F. Supp. 2d 754, 757 (D. Md. 2007), j'ment aff'd in part, rev'd in part, 561 F.3d 357 (4th Cir. 2009); Belair v. Lombardi, 151 F.R.D. 698, 699 (M.D. Fla. 1993).

Clarification is warranted here. The United States respectfully submits that it is unclear whether the December 14th judgment triggered the time for filing an appeal. On the one hand, the Court issued the judgment under rule 58, which suggests the clock is ticking. See Bankers Trust, 435 U.S. at 384. On the other, the Court did not direct entry of final judgment under Fed. R. Civ. P. 54(b), which applies where, as here, a case

presents multiple claims for relief. The absence of a rule 54(b) certification suggests the December 14th judgment was not intended to be final and appealable.

Perhaps more significantly, the United States maintains that the December 14th judgment is not final because there are several issues that still have to be decided. By order dated February 25, 2004, the Court bifurcated and stayed several tax computation issues, including "[c]omputational issues and carryover effects, if any, arising from (a) the Court's resolution of the partnership tax issues . . ." (Doc. # 43.) Now that the Court has decided the underlying "partnership tax issues," the bifurcated computations and carryovers must be addressed before final judgment can be entered on the 1990 and 1999 Transactions. In addition, the Court has not yet decided the United States' claims for tax penalties related to the 1990 and 1999 Transactions, both of which claims have been fully tried. The United States submits that the 1990 penalty must be decided despite the Court's determination that the statute of limitations on collection of the 1990 liability has expired.[2]

To resolve any potential ambiguity concerning the effect of the December 14th judgment, and to ensure an orderly and efficient appeal once all necessary issues have been decided, the United States asks the Court to vacate its rule 58 judgment and to

---

[2]In addition to these outstanding matters related directly to the 1990 and 1999 Transactions, there are several unrelated tax issues that remain before the Court and must eventually be decided, including tax credits, deductions, interest, incorrectly stated income, foreign income and tax credits, and capitalization issues. Although these issues are pending, the United States may request entry of final judgment on the 1990 and 1999 Transactions pursuant to Fed. R. Civ. P. 54(b) once all matters directly related to those transactions have been adjudicated.

recharacterize its decision as an interlocutory order. Granting such relief will ensure that neither the United States' nor GAF's respective appeal rights are inadvertently affected and will create certainty, which in turn will enable the parties to focus on what remains to be accomplished in this case. Given the amount at stake and the importance of the issues in dispute, the United States submits that an order vacating and recharacterizing the December 14th judgment is warranted.

Alternatively, Fed. R. Civ. P. 52(b) permits a party to move for additional findings after entry of judgment. Pursuant to rule 52(b), the United States asks the Court to clarify that its December 14th judgment was neither final nor appealable and requests that the Court make additional findings of fact and conclusions of law on the outstanding tax computation and penalty issues related to the 1990 and 1999 Transactions. Once the additional findings and conclusions have been made, entry of final judgment related to the 1990 and 1999 Transactions may be warranted pursuant to Fed. R. Civ. P. 54(b).

## CONCLUSION

For the foregoing reasons, the Court should vacate its December 14th judgment under rule 59(e) and should recharacterize its order as interlocutory. Alternatively, the Court should find that the December 14th judgment was not final and that additional findings of fact and conclusions of law are necessary before a final judgment may be entered on the 1990 and 1999 Transactions.

//

//

Dated:  December 23, 2009                    Respectfully submitted,

                                                PAUL J. FISHMAN
United States Attorney

/s/ John J. LoCurto
CHARLES M. FLESCH (CMF 0150)
JOSEPH E. HUNSADER (JEH 1726)
JOHN J. LoCURTO (JJL 9225)
Trial Attorneys, Tax Division
U.S. Department of Justice
P.O. Box 227, Ben Franklin Station
Washington, D.C.  20044
Tele:  (202) 307-2793
Fax:   (202) 514-6866
Email: john.j.locurto@usdoj.gov