Albert H. Turkus (AHT 7000)
Julia M. Kazaks (JMK 7504)
SKADDEN, ARPS, SLATE,
    MEAGHER & FLOM LLP
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Judd Burstein (JB 9585)
JUDD BURSTEIN, P.C.
1790 Broadway
New York, NY 10019
(212) 974-2400

Dennis O'Grady (DO 7430)
Mark Hall (MH 9621)
RIKER, DANZIG, SCHERER,
    HYLAND & PERRETTI LLP
One Speedwell Avenue
Morristown, N.J. 07962
(973) 538-0800

Counsel for Debtors

Jonathan T. Molot
600 New Jersey Avenue, N.W.
Washington, D.C. 20001-2075

Special Counsel

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>G-I HOLDINGS INC., et al.,<br><br>Debtors. | ) Civ. No. 2:02cv03082 (SRC)<br>)<br>) Chap. 11 Nos. 01-30135 (RG) and<br>) 01-38790 (RG) (Jointly Administered)<br>)<br>) Hon. Stanley R. Chesler, U.S.D.J.<br>)<br>) Hon. Michael A. Shipp, U.S.M.J. |

**DEBTORS' OPPOSITION TO THE UNITED STATES' MOTION TO VACATE
OR CLARIFY THE COURT'S ORDER OF JUDGMENT DATED
<u>DECEMBER 14, 2009</u>**

Debtors agree that the Court should clarify the procedural posture of its December 14, 2009 order but disagree over what form that clarification should take. The government urges the Court to vacate its judgment and engage in ongoing, indeterminate adjudication. But there is nothing left to adjudicate with respect to 1990. No further proceedings are warranted, there is no additional work to be done, and there is "no just reason for delay." Fed. R. Civ. P. 54(b). The Court therefore should clarify that its December 14 entry of judgment is a final, appealable judgment under Rule 54.

To be sure, computational issues remain with respect to the government's claims regarding the *1999 Distribution*. The Court has granted summary judgment for the government on its claim that the Treasury Bonds included in the 1999 Distribution are marketable securities for purposes of section 731(c). But the Court has not yet determined the impact of its ruling on Debtors' 1999 tax liability, nor has it addressed the government's penalty claims regarding the 1999 Distribution. When the Court issues its decision on 1999 penalties, then the parties and the Court can proceed with the necessary computational work. Only when that computation is complete will the Court be able to enter a final judgment on the government's 1999 claims.

But with respect to the *1990 Transactions*, the Court's work is complete and adjudication by the District Court is at an end. Any further litigation by the parties over 1990 should proceed in the Court of Appeals and not in this Court.

Because the 1990 claim was barred by the statute of limitations, there is no understatement of tax, and hence no penalty, payable as to 1990. To the extent that the government is advocating in favor of additional proceedings with respect to claims for tax years *other* than 1990 or 1999 – its brief refers to "carryover effects, if any" and to

2

"unrelated tax issues . . . including tax credits, deductions, [and] interest" (Motion at 3 n.2) – there is no need to delay final judgment on the 1990 claim pending resolution of any such issues. The government's intimations do not warrant further delay with respect to 1990.[1]

It is hard to see why entry of a final judgment under Rule 54(b) would be appropriate for 1999 once that adjudication is complete, but entry of a final judgment for 1990 is not likewise appropriate at the same stage. The government appears to be asking for just such differential treatment between 1990 and 1999: in the same document seeking to delay the 1990 judgment until other years' computations are completed, the government indicates that when the parties' disputes pertaining to 1999 are resolved, it will request entry of final judgments for 1990 and 1999 under Rule 54(b) without regard to whether any miscellaneous issues with respect to other tax years might remain open. Motion at 3 n.2. The same rationale should apply to 1990: Rule 54(b) judgment need not await any computational efforts in other years.

Given that no computational issues remain for the 1990 tax year and that the government's claim for penalties is moot, there is no "just reason for delay" and the Court should clarify that its December 14 judgment is indeed a final judgment under Rule 54(b). The delay sought by the government here is not only unnecessary, but also would waste judicial resources.

---

[1]    The government has not even adduced proof that the statute of limitations is open for any of the carryover years identified by the IRS in its proof of claim for the 1990 Transactions – those periods through 1996. Exhibit A, attached hereto, is an Analysis of IRS Claims, prepared by the government in 2003, which makes clear that the claimed carryover effects of the 1990 Transactions ran only through 1996.

3

For these reasons, the Court should "expressly determine[] that there is no just reason for delay," Fed. R. Civ. P. 54(b), and should enter a final judgment on the 1990 tax claims pursuant to Rule 54(b).

Dated: January 12, 2010               Respectfully submitted,

    /s/ Dennis O' Grady
Dennis O'Grady (DO 7430)
Mark Hall (MH 9621)
RIKER, DANZIG, SCHERER,
   HYLAND & PERRETTI
One Speedwell Avenue
Morristown, New Jersey 07962
(973) 538-0800

Albert H. Turkus (AHT 7000)
Julia M. Kazaks (JMK 7504)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue
Washington, D.C. 20005
(202) 371-7000

Judd Burstein (JB-9585)
JUDD BURSTEIN, P.C
1790 Broadway
New York, NY 10019
(212) 974-2400

Counsel for Debtors

Jonathan T. Molot
600 New Jersey Avenue N.W.
Washington, D.C. 20001-2075
202-662-4062

Special Counsel

# Exhibit A

In re G-I Holdings Inc., Civil No. 2:02cv03082 (WGB) (D.N.J.)
Analysis of IRS Claims
Per 12/8/03 Proof of Claim Against ACI Inc.

| | Tax Deficiency | Pre-Petition Interest on Tax Deficiency | Unsecured Priority Claims Tax & Interest | Section 6662 Penalty | Estimated Pre-Petition Interest on Sec. 6662 Penalty | Unsecured General Claims Penalty & Interest |
|---|---|---|---|---|---|---|
| 1985 | 1,287,500 | 1,436,597 | 2,724,097 | 257,500 | 327,906 | 585,406 |
| 1986 | 6,008,138 | 6,733,085 | 12,741,223 | 1,308,542 | 1,536,840 | 2,845,382 |
| 1987 | 13,928,497 | 9,386,765 | 23,315,262 | 1,177,088 | 2,142,547 | 3,319,635 |
| 1990 | 78,690,851 | 111,482,490 | 190,173,341 | 17,191,756 | 25,446,093 | 42,637,849 |
| 1991 | 331,847 | 350,663 | 682,510 | | | 0 |
| 1992 | 910,921 | 1,015,151 | 1,926,072 | 182,184 | 231,710 | 413,894 |
| 1993 | 604,210 | 1,376,522 | 1,980,732 | 1,173,212 | 314,194 | 1,487,406 |
| 1994 | 183,518 | 147,979 | 331,497 | 36,704 | 33,776 | 70,480 |
| 1995 | 26,126,202 | 16,889,657 | 43,015,859 | 5,220,599 | 3,855,097 | 9,075,696 |
| 1996 | 25,591,217 | 13,021,134 | 38,612,351 | 4,310,325 | 2,972,099 | 7,282,424 |
| Subtotal | 153,662,901 | 161,840,043 | 315,502,944 | 30,857,910 | 36,860,262 | 67,718,172 |
| 1998 | 647,318 | 178,000 | 825,318 | | | |
| 1999 | 112,112,661 | 17,783,367 | 129,896,028 | 22,422,532 | 4,059,088 | 26,481,620 |
| Subtotal | 112,759,979 | 17,961,367 | 130,721,346 | 22,422,532 | 4,059,088 | 26,481,620 |
| Total | 266,422,880 | 179,801,410 | 446,224,290 | 53,280,442 | 40,919,349 | 94,199,792 |

Total claims arising from 1990 Transaction  383,221,116
Total claims arising from 1999 Transaction  157,202,966
Total claims stated on ACI proof of claim  540,424,082

GOVERNMENT EXHIBIT A